Ryan Goodwin,

                                   Plaintiff,       Case No. 22-CV-1491

     v.

Kewaunee County, *et al.*,

                                   Defendants.

## MINUTE SHEET AND ORDER ON MOTIONS

**Hon. Nancy Joseph, presiding.**          **Deputy Clerk:** Ross M.

**Type of Proceeding:** STATUS CONFERENCE

**Date:** April 23, 2025 at 3:00 p.m.      **Court Reporter:** Zoom Audio

**Time Commenced:** 3:01 p.m.            **Time Concluded:** 5:08 p.m.

**Appearances:**    **Plaintiff:**    John Bradley

                 **Defendants:**   Erika Bierma for Kewaunee County Defendants; Douglas Knott for Medical Defendants

Lawsuit Background

Ryan Goodwin was booked into the Kewaunee County Jail on August 31, 2022. Goodwin alleges that he suffers from epilepsy and needs to take anti-seizure medication and that the staff at the jail were aware of this. Goodwin further alleges that he reminded the staff about his epilepsy and medications when he was booked. Goodwin alleges that despite having this knowledge, and despite his anti-seizure medications being brought to the jail the same day he was booked, no one at the jail gave Goodwin his medication, causing him to suffer a breakthrough seizure on September 3, 2022.

Goodwin sues Kewaunee County, John Dubois, Advanced Correctional Healthcare, Inc. ("ACH"), Stacy Bosdeck, Logan Hermans, Erin Tuttle, Hailee Jandrin, USA Medical & Psychological Staffing SC, and Iris Torres under 42 U.S.C. § 1983.

Relevant Discovery Timeline

A Rule 16 Scheduling Conference was held in this case on May 12, 2023. At that time, Chief District Judge Pamela Pepper entered a scheduling order requiring the parties to complete all discovery by no later than the end of the day on **July 26, 2024**. (Docket # 22 at 3.)

- On **July 26, 2023**, Plaintiff filed an expedited non-dispositive motion for a HIPAA Qualified Protective Order. (Docket # 23.) Judge Pepper held a hearing on Plaintiff's Protective Order

- motion on October 11, 2023. Judge Pepper granted the motion, subject to Plaintiff modifying the proposed protective order as articulated on the record. (Docket # 40.)
- On **April 16, 2024**, Plaintiff filed a motion for leave to file a second amended complaint to add Dr. Torres as a defendant. (Docket # 41.)
- In **mid-May, 2024**, the parties are corresponding on stipulating to amend the discovery deadline. (Docket # 53-3 at 1.)
- On **May 30, 2024**, Dr. Torres is deposed.
- On **May 31, 2024**, Plaintiff propounds his Fourth Set of Interrogatories, RPD, and RTA on the Kewaunee County Defendants. (Docket # 84-1.)
- On **June 3, 2024**, Defense counsel states "we are all amendable to extending discovery to accommodate the work that needs to be done, including this deposition [Bosdeck] and the deposition of your client [Goodwin]. (Docket # 53-4 at 2.)
- On **June 5, 2024**. Jandrin and Campbell are deposed.
- On **July 9, 2024**, Bosdeck is deposed.
- On **July 10, 2024**, defense counsel emails plaintiff's counsel regarding proposed dates to depose Goodwin, most after the close of discovery (7/25, 7/26, 7/30, 7/31, 8/2). (Docket # 53-7 at 2.) Plaintiff's counsel responds the same day saying he will check with Goodwin and get back to him. (*Id.* at 1).
- On **July 10, 2024**, the Kewaunee County defendants object to the May 31 Discovery Request on the grounds that it seeks HIPAA protected information and there is no HIPAA compliant PO in place. (Docket # 84-2 at 5.)
- On **July 25, 2024**, Plaintiff's counsel emails defense counsel saying Goodwin was available 8/16 for deposition. (Docket # 53-10.)
- **JULY 26, 2024 DISCOVERY CLOSES**
- On **July 26, 2024**, plaintiff propounds his Fourth Set of Interrogatories, RPD, and RTA to ACH. (Docket # 84-3.) ACH responds to all requests objecting that they were not served in a manner to allow discovery to be completed by July 26, 2024.
- On **July 26, 2024**, plaintiff propounds his Fifth Set of Interrogatories, RPD, and RTA on the Kewaunee County defendants. (Docket # 84-6.)
- On **August 8, 2024**, Goodwin's Notice of Deposition is sent. (Docket # 53-11.)
- On **August 9, 2024**, Plaintiff's counsel emailed that Goodwin was available for the August 16 deposition. (Docket # 53-12.)
- On **August 14, 2024**, defense counsel emails plaintiff's counsel whether Goodwin will be made available for a continued deposition if they do not finish on Aug. 16 and asked whether they agreed discovery as to Goodwin is therefore not closed. (Docket # 53-13.)
- On **August 15, 2024**, plaintiff's counsel emailed both defense counsels stating that discovery closed on July 26, 2024, and they had no agreement to extend discovery, and he would not produce Goodwin for the Aug. 16 dep unless the parties all agreed in writing to extend discovery and to stipulate to a HIPAA protective order. (Docket # 53-15.)
- On **August 16, 2024**, the Kewaunee Defendants moved to compel Goodwin's deposition and to amend the deadlines in the scheduling order. (Docket # 52.) On **August 21, 2024**, the other

2

defendants joined the motion to compel. (Docket # 55.) On **August 22, 2024**, plaintiff moves for the entry of the HIPAA PO. (Docket # 56.)
- On **August 19, 2024**, plaintiff propounds his Fifth Set of Interrogatories, RPD, and RTA on ACH and Bosdeck. (Docket # 84-5.)
- On **November 7, 2024**, Judge Pepper holds a hearing on Goodwin's motion for leave to file a second amended complaint and the pending discovery motions. The court grants the motion to amend and the second amended complaint is filed. At this hearing, Judge Pepper notes that:
  - ➢ As of right now, the operative scheduling order is the one issued on May 12, 2023. (Docket # 71 at 14.) In other words, discovery closed on July 26, 2024.
  - ➢ However, with the amendment of the complaint adding Dr. Torres, plaintiff should be able to take discovery as to this claim. (Docket # 71 at 38–40.)
  - ➢ Judge Pepper asked the parties to confer regarding an extension of discovery related to Dr. Torres' claims. She acknowledged that deposing Dr. Torres may bring out information that may require additional discovery from those persons already deposed. (Docket # 71 at 38–40.)
  - ➢ Judge Pepper asked Plaintiff to file a motion regarding the HIPAA Protective Order.
- On **December 19, 2024**, Judge Pepper issues an amended scheduling order. (Docket # 79.) In it, she notes that the parties cannot agree on an amended schedule, and that Goodwin believes the parties had agreed to extend discovery in general, not simply as to Goodwin's deposition, prior to the close of discovery in July. (Docket # 79 at 9–10.) Judge Pepper stated that she had informed the parties at the November 7 hearing that the scope of continued discovery was limited to the new claim against Dr. Torres. Judge Pepper invited the Plaintiff to file a motion explaining why he believes the defendants failed to comply with discovery demands and/or retracted agreements to extend discovery. (*Id.* at 10.) She informs them that the motion will be referred to a magistrate judge for resolution.
  - ➢ The following dates are set related to Dr. Torres and her role in the alleged offenses:
  - ➢ Plaintiff's expert disclosures on March 28, 2025.
  - ➢ Defendant's expert disclosures on May 28, 2025;
  - ➢ Discovery by July 30, 2025.
  - ➢ Motions by August 31, 2025.
- On **January 10, 2025**, Plaintiff files the instant motion to compel against ACH and the Kewaunee County Defendants. (Docket # 83.)
- On **January 17, 2025**, Judge Pepper entered the HIPAA Protective Order. (Docket # 85.)
- On **March 11, 2025**, Judge Pepper refers the pending motion to Judge Joseph for disposition.
- On **March 20, 2025**. Plaintiff moves to stay the expert disclosure deadline pending resolution of the motion to compel. (Docket # 94.)

April 23, 2025 Hearing on Plaintiff's Motion to Compel

A hearing before Magistrate Judge Joseph was held on Plaintiff's Motion to Compel on April 23, 2025. The motion has been fully briefed and the Court heard oral arguments as to the motion.

3

In his motion, Plaintiff compels the responses to five different sets of discovery requests, as well as requesting the Court to clarify four items.

Starting with the clarifying items first, the Court rules as follows:

1. Plaintiff requests a clarification that he is allowed to complete general discovery related to all defendants in this case and that discovery is not strictly limited to discovery related to the new defendant Dr. Torres.

The Court rules as follows: **Judge Pepper made clear during the November 7, 2024 hearing that she was not reopening general discovery in this case. The operative scheduling order was signed on May 12, 2023 (Docket # 22) and closed discovery on July 26, 2024. The Court finds that based on the correspondences provided by the parties, there was no meeting of the minds as to an amendment of the scheduling order.**

**More importantly, however, even if the parties had agreed to modify the dates, litigants cannot unilaterally alter the Court's scheduling order. Fed. R. Civ. P. 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." In other words, the parties needed to seek leave of the Court to amend the scheduling order, even if the parties agreed on a new schedule. Alternatively, if only one party sought a modification to the order, a motion could have been filed under Rule 16(b)(4).**

**Because there was no court order changing the scheduling order as to general discovery, discovery closed on July 26, 2024. However, as to Dr. Torres, on November 7, 2024, Judge Pepper did alter the scheduling order to provide for further discovery regarding the claim against Dr. Torres.**

2. Plaintiff requests a clarification that he can obtain discovery related to ACH's financial condition as relevant to the punitive damages claim brought in the second amended complaint.

The Court rules as follows: **ACH agrees to produce the same information as was produced in the *Stephenson* case.**

3. Plaintiff requests a clarification that he can obtain discovery that requires the HIPAA Protective Order.

The Court rules as follows: **The parties agree that Plaintiff can serve the three third-party subpoenas as discussed on the record.**

4. Plaintiff requests a clarification that he can take Rule 30(b)(6) Depositions of ACH and Kewaunee County.

The Court rules as follows: **The Court finds that because discovery closed on July 26, 2024, Plaintiff cannot take these depositions unless they relate to the claim against Dr. Torres.**

The Court noted that Plaintiff's Motion to Compel includes five different outstanding written discovery requests:

1. Plaintiff's Fourth Set of Discovery Requests to ACH and Bosdeck (Docket # 84-3.)

4

- This was served on July 26, 2024. Plaintiff argues that ACH has not yet responded except to stay the requests are untimely.

The Court rules as follows: **ACH is ordered to respond to requests related to Dr. Torres only. The parties should confer for the purpose of narrowing the requests to ensure that the requests propounded relate only to Dr. Torres**.

2. Plaintiff's Second Set of RPDs to ACH (Docket # 84-7.)

- These were served on June 16, 2023, requesting complaints involving similar cases where an inmate was denied antiseizure medication.
- Plaintiff clarified at hearing that he is seeking an insurance claims run report from ACH's insurer that was produced in a case venued in Michigan.

The Court rules as follows: **ACH is ordered to update its response to this request, as to the anti-seizure medications only.**

3. Plaintiff's Fifth Set of Discovery Requests to ACH (Docket # 84-5.)

- These were served on August 19, 2024.

The Court rules as follows: **ACH is ordered to respond to requests related to Dr. Torres only. The parties should confer for the purpose of narrowing the requests to ensure that the requests propounded relate only to Dr. Torres**.

4. Plaintiff's Fourth Set of RPD to Kewaunee County (Docket # 84-1.)

- These were served on May 31, 2024, before the HIPAA Protective Order was in place.

The Court rules as follows: **The County is to respond within the framework of the Protective Order**.

5. Plaintiff's Fifth Set of Discovery Requests to Kewaunee County (Docket # 84-6.)

- These were served on July 26, 2024.

The Court rules as follows: **The request is denied, except to the extent it relates to Dr. Torres. The request is also limited to the period Goodwin was in the jail and limited to inmates taking anti-seizure medications. ACH agrees to be involved in answering these requests as the County states it does not possess this information.**

<u>Further Scheduling in this Matter</u>:

- The defendants are ordered to respond/update their discovery responses consistent with this order by **June 9, 2025**.
- Plaintiff's Motion to Amend the December 19, 2024 scheduling order (Docket # 94) is granted.

- The Court orders the following deadlines:

Plaintiff Expert Reports due **September 8, 2025**.
Defendants Expert Reports due **November 7, 2025**.
Close of Discovery **December 8, 2025**.
Dispositive Motions due by **January 16, 2026**.

The parties are reminded that the Court is **<u>not</u>** inclined to further alter these new deadlines. Thus, the parties are strongly urged to work within these new deadlines set.